# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| STACEY R. HUDDLESTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:07-CV-004 |
| ) | |
| SERGEANT STRYKUS, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the court *sua sponte*.

For the reasons set forth below, the Court:

(1) **GRANTS** Stacey R. Huddleston, leave to proceed against Sgt. Strykus in his individual capacity for monetary damages for failing to protect him in violation of the Fourteenth Amendment;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the Clerk to transmit the summons and USM-285's for Sgt. Strykus to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Sgt. Strykus; and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Sgt. Strykus respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening

order.

BACKGROUND

Stacey R. Huddleston, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Huddleston alleges that he was arrested for murder and taken to the Elkhart County Jail where he was classified by Sgt. Strykus on January 1, 2005. He alleges that as a result of Sgt. Strykus' classification decision, he was placed in Ward 7 of the Elkhart County Jail with the brother of the murder victim. Within minutes, the brother attacked Huddleston and stabbed him in the neck. He alleges that he was taken to the hospital, treated and released.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The court will apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> 
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

<u>Failure to Protect - Fourteenth Amendment Claim</u>

Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003).

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and internal

punctuation omitted). When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . .." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996).

Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Negligence does not satisfy the "deliberate indifference" standard, *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that a prison guard merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995).

Deliberate indifference can be inferred only where defendants

know there is a strong likelihood rather than a mere possibility that violence will occur. *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985). Prison officials cannot be expected to eliminate the possibility of all dangers. *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991) ("Prisons are dangerous places"). Thus, the right to reasonable protection does not include the right to protection from random acts. *See*, *McGill v. Duckworth*, 944 F.2d 344, 348 (7th Cir. 1991) ("some level of [danger] . . . is inevitable no matter what guards do").

In order to prevail on this claim, Huddleston will have to prove that Sgt. Strykus knew the identity of his then alleged victim and that he knew that the victim's brother was housed in the cellblock to which he classified Huddleston. For without such knowledge, deliberate indifference cannot be proven and liability will not attach. Though he may not ultimately be able to present such evidence, based on this complaint it is a reasonable inference that he has made these allegations. As such, he states a claim.

CONCLUSION

For the reasons set forth above, the Court:

(1) **GRANTS** Stacey R. Huddleston, leave to proceed against Sgt. Strykus in his individual capacity for monetary damages for failing to protect him in violation of the Fourteenth Amendment;

(2) **DISMISSES** all other claims;

-5-

(3) **DIRECTS** the Clerk to transmit the summons and USM-285's for Sgt. Strykus to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Sgt. Strykus; and

(5) **ORDERS,** pursuant to 42 U.S.C. § 1997e(g)(2), that Sgt. Strykus respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**DATED: January 8, 2007**   /s/RUDY LOZANO, Judge
**United States District Court**