**United States District Court**
**Northern District of Indiana**

| | |
|---|---|
| STACEY R. HUDDLESTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.  3:07-CV-004 JVB |
| v. | ) |
| | ) |
| SERGEANT STRYKUS, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Stacey R. Huddleston, a *pro se* prisoner, filed this suit under 42 U.S.C. § 1983 alleging that Sergeant Strykus failed to protect him from attack by a fellow inmate, in violation of the Fourteenth Amendment to the United States Constitution. Sergeant Strykus filed a motion for summary judgment and Huddleston has responded. Subsequently, Huddleston filed a motion seeking to supplement his response. That motion will be granted and the court will review all of the materials that Huddleston has submitted in opposition to the motion for summary judgment.

The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. *Outlaw v. Newkirk*, 259 F.3d 833, 836–837 (7th Cir. 2001).

> [T]he plain language of [Federal Rule of Civil Procedure] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex v. Catrett*, 477 U.S. 317, 322–23 (1986).

Huddleston was arrested for the murder of Shannon Goins and taken to the Elkhart County Jail on January 1, 2005. Sergeant Strykus made the housing classification decision and placed Huddleston in Ward 7 of the jail. Minutes after he was placed there, he was attacked by several inmates, including Jeremiah Goins, the victim's brother. Sergeant Strykus states in his affidavit that, "[a]t the time that the Jail housed Huddleston in Ward 7 on January 1, 2005, I did not know that Shannon Goins had been murdered, I did not know that Huddleston was a suspect in this murder, and I did not know that Huddleston's arrest was for this murder." Strykus Affidavit at ¶ 22, DE 37–4.

The motion for summary judgment argues that Huddleston cannot demonstrate that Sergeant Strykus was deliberately indifferent when he placed him in Ward 7.

"[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). But, when an inmate is attacked by another inmate, the Constitution is violated and liability attaches only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996).

Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to

2

prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Negligence does not satisfy the "deliberate indifference" standard, *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that a prison guard merely failed to act reasonably, *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995), or was incompetent, *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

In the screening order, the court explained that,

> In order to prevail on this claim, Huddleston will have to prove that Sgt. Strykus knew the identity of his then alleged victim and that he knew that the victim's brother was housed in the cellblock to which he classified Huddleston. For without such knowledge, deliberate indifference cannot be proven and liability will not attach.

Order of January 8, 2007, DE 4.

In response to the motion for summary judgment, Huddleston does not present any evidence that Sergeant Strykus knew the identity of his victim. Neither does he present any evidence that Sergeant Strykus knew that the victim's brother was housed in Ward 7. Rather, Huddleston argues that Sergeant Strykus could have learned these things if he had tried harder to find out. Huddleston argues that Sergeant Strykus should have done more to learn all the facts. By inference, he concedes that Sergeant Strykus did not know that he was placing an accused murderer in the same cell block with the victim's brother. Indeed, that is Huddleston's very argument: Sergeant Strykus did not know because he did not do enough to find out. "The plaintiff asserts as a material fact that no one ever asked the plaintiff who he was accused of killing before he was taken to Ward Seven (7)." Huddleston's Br. Opp. Summary Judgment, DE 47 at 2.

Though this argument could create a genuine issue of material fact as to whether Sergeant Strykus was negligent, unreasonable, or incompetent, it does not create a material issue of fact as to deliberate indifference. Deliberate indifference requires that a defendant be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists." *Farmer*, 511 U.S. at 837. Here, there is no evidence that Sergeant Strykus was aware of any facts from which such an inference could be drawn. Therefore Sergeant Strykus is not liable to Huddleston under 42 U.S.C. § 1983.

For the foregoing reasons, the court

(1)     **GRANTS** the Plaintiff's motion to supplement the response (DE 48);

(2)     **GRANTS** the Defendant's motion for summary judgment (DE 36).

**SO ORDERED** on November 27, 2007.

    S/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge